NOT FOR PUBLICATION                                                            **CLOSED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                              :
JHONNATHAN PEREZ,                             :
                                              :   Civil Action No. 14-0632 (SRC)
              Petitioner,                     :
                                              :
       v.                                     :
                                              :
OSCAR AVILES,                                 :
                                              :   **OPINION**
              Respondent.                     :
_____:

**CHESLER**, District Judge

   Petitioner, a native and citizen of Dominican Republic and a pre-removal-period detainee confined at the Hudson County Correctional Center in Kearny, New Jersey, has submitted a § 2241 petition challenging his mandatory detention without a bond hearing during his immigration proceedings.  See ECF No. 1.  Petitioner asserted that he was placed in immigration custody on March 5, 2013.  See ECF No. 1, at 1.[1]

   Pre-removal detention is governed by 8 U.S.C. § 1226, which permits, and where the detainee has been convicted of an aggravated felony mandates, detention during removal proceedings.  See, e.g., Demore v. Kim, 538 U.S. 510, 523 (2003) ("[D]etention during deportation proceedings [is] a constitutionally valid aspect of the deportation process").  Nevertheless, the Due Process Clause impliedly dictates that a detention may become so prolonged that the detainee could become entitled to a hearing at which the government must prove that continued detention is justified.  See Diop v. ICE/Homeland Sec., 656 F.3d 221, 233

---

[1] A paragraph in the Petition, seemingly pasted from another document and citing non-existing law, alleged that Petitioner was placed in immigration custody on August 9, 2012.  See ECF No. 1, at 3.  However, the remainder of the Petition verifies that his immigration custody began on March 5, 2013.

Case 2:14-cv-00632-SRC   Document 2   Filed 04/22/14   Page 2 of 3 PageID: 21

(3d Cir. 2011); see also Demore, 538 U.S. at 532-33 (Kennedy, J., concurring).  The Court of Appeals in Diop declined to adopt a rule that a hearing was required after a certain fixed amount of time in pre-removal detention.  See Diop, 656 F.3d at 233.  Rather, the reasonableness of pre-removal detention depends on the facts of each individual case and "hinges on the length of the delay and the reasons for the delay."  Id. at 234; see also Wilson v. Hendricks, No. 12-7315, 2013 U.S. Dist. LEXIS 10737, at *8 (D.N.J. Jan. 25, 2013) ("Although there is no rigid rule, the range of acceptable delay can be divined (with caution) from the cases").

In Prieto-Romero v. Clark, 534 F.3d 1053 (9th Cir. 2008), the Ninth Circuit upheld a three-year pre-removal detention where the delay was largely attributed to the alien's legal actions.  In a non-precedential Opinion, Contant v. Holder, 352 F. App'x 692 (3d Cir. 2009), the Court of Appeals for the Third Circuit relied on Prieto-Romero to uphold, as reasonable, a nineteen-month pre-removal delay occasioned primarily by the course of immigration proceedings and appellate review.  See id. at 696.[2]

Here, Petitioner filed his Petition after being nine months in confinement and, as of now, his confinement has been about 14-month long.  He asserted no errors committed by his immigration judge and no wrongful, unduly dilatory tactics by the Government. In light of Petitioner's circumstances, the Court is constrained to deny his Petition.  Such denial is without prejudice to Petitioner's commencing a new § 2241 action in the event his pre-removal-period detention becomes unreasonably prolonged.

An appropriate Order follows.

---

[2] See also Bulatov v. Hendricks, No. 11-845, 2012 U.S. Dist. LEXIS 143671 (D.N.J. Oct. 4, 2012) (upholding a 30-month detention); Bete v. Holder, No. 11-6405, 2012 U.S. Dist. LEXIS 43438, at *1 (D.N.J. Mar. 29, 2012) ("12 months has not become unreasonable in length"); Wilson, 2013 U.S. Dist. LEXIS 10737 (upholding a 14-month pre-removal detention without a bond hearing).

                                          /s Stanley R. Chesler  
                                        **Stanley R. Chesler**  
                                        **United States District Judge**

Dated: April 21st, 2014